MYERS v. SHINN, AGENT.

4-6200                                          147 S. W. 2d 355

Opinion delivered February 10, 1941.

*Bob Bailey, Sr.,* and *Bob Bailey, Jr.,* for appellant.

*J. M. Smallwood,* for appellee.

HOLT, J.  Appellee, representing Mrs. Lizzie White, deceased, sued appellant to recover on a promissory note.  The cause was tried before the court below sitting as a jury, upon the following agreed statement of facts:

"On May 18, 1934, J. D. Myers was indebted to Mrs. Lizzie White in the sum of $564.26; that on said date, Mrs. Lizzie White received from the Federal Land Bank of St. Louis a bond of said bank in the sum of $100, and draft from the Federal Land Bank of St. Louis for $89.47; that after making this payment there was a balance of $374.79; that J. D. Myers, without any additional consideration, executed and delivered to Mrs. Lizzie White, his promissory note for $374.79, the one sued on herein."

The following agreement was also made a part of the facts agreed upon:

"In connection with any loan or loans that may be made by the Federal Land Bank of St. Louis and/or the Land Bank Commissioner to J. D. Myers of Dover, Arkansas, it is agreed that any amounts which may be accepted by the undersigned from the proceeds of such loan or loans may be paid in Federal Farm Mortgage Corporation Bonds of the last issue preceding the date the proceeds of the loan are disbursed.

"It is understood that such bonds will be accepted in payment at their face value with any necessary ad-

justments for interest accrued to the date of payment. It is also understood that bonds are issued in denominations of not less than $100 and that any necessary adjustments between the amount. of my claim and the nearest amount it is possible to disburse in bonds on the basis of par plus accrued interest will be paid in cash by the bank. Dated April 3, 1934. R. S. Marsh, J. D. Myers, Lizzie White.''

The court found the issues in favor of appellee and entered judgment accordingly. This appeal followed.

Appellant's first contention for reversal is that under the terms of the agreement, *supra,* Mrs. Lizzie White, in whose favor he executed the note sued on in the sum of $374.79, agreed to accept the $100 bond from the Federal Land Bank of St. Louis, and the draft for $89.47 in full settlement of the original note of $564.26 due May 18, 1934, and that there has been an accord and satisfaction.

We are unable, however, to find anything in the agreement, or in the agreed statement of facts, to support this contention. We think the most that can be deduced from the agreed facts is that Mrs. White agreed to accept as part payment on the note the bond in question as issued, at its face value, along with the draft for $89.47. After she had credited these sums on the original note, there was a balance due of $374.79, and appellant, according to the record, executed a new note for this amount on May 18, 1934.

Appellant next urges as a defense to liability, that there was no consideration for the new note.

As has been indicated, appellant on May 18, 1934, paid to Mrs. White, on the original note, the $100 bond and $89.47 in the form of a draft. This left a balance due and owing of $374.79. He executed the note sued on here for this balance.

The moral obligation to pay this new note was sufficient consideration. No additional consideration was necessary. This court has many times so held. In the recent case of *McMillan, Administrator*, v. *Palmer*, 198

Ark. 805, 131 S. W. 2d 943, it is said: "That is true for the reason that the moral obligation to pay what one justly owes is a sufficient consideration to support a new note or other evidence of indebtedness executed in acknowledgment of the amount owing. Even an unwritten promise has been held sufficient to revive a pre-existing debt. *Apperson & Co.* v. *Stewart*, 27 Ark. 619; Gilbert's Collier on Bankruptcy, p. 384, § 574; *Fonville* v. *Wichita State Bank & Trust Co.*, 161 Ark. 93, 255 S. W. 561, 33 A. L. R. 125."

We think this contention, therefore, without merit.

No error appearing, the judgment is affirmed.